IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 0 2013

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

BARRY B. LOVEMAN,                     §
                                      §
            Plaintiff,                §
                                      §
VS.                                   §   NO. 4:13-CV-538-A
                                      §
BANK OF NEW YORK MELLON F/K/A         §
BANK OF NEW YORK AS TRUSTEE FOR       §
THE CERTIFICATE HOLDERS OF            §
CWABS, INC. ASSET-BACKED              §
CERTIFICATES SERIES 2003-5,           §
                                      §
            Defendant.                §

MEMORANDUM OPINION
and
ORDER

Now before the court is the amended notice of removal filed

in the above-captioned action by defendant, Bank of New York

Mellon f/k/a Bank of New York as Trustee for the Certificate

Holders of CWABS, Inc. Asset-Backed Certificate Series 2003-5.

Defendant has alleged diversity of citizenship under 28 U.S.C. §

1332 as the sole basis for removal.  Having considered the

amended notice of removal and the original state court petition

of plaintiff, Barry B. Loveman, attached thereto, the court

concludes that defendant has failed to sufficiently allege the

required amount in controversy, and that the case should be

remanded to the state court from which it was removed.

I.

Background

Plaintiff initiated this action by filing his original
petition against defendant on June 3, 2013, in the District Court
of Tarrant County, Texas, 236th Judicial District, as Cause No.
236-266208-13.  Defendant then removed the action to this court.
On July 17, 2013, pursuant to this court's order, defendant filed
its amended notice of removal.  Defendant alleges that the court
has subject matter jurisdiction because of complete diversity of
citizenship between plaintiff and defendant, and an amount in
controversy exceeding the sum or value of $75,000.00, exclusive
of interest and costs.  See 28 U.S.C. § 1332(a).

In the prayer of his petition, plaintiff does not state a
specific amount of damages.  Nor is there any other statement of
the amount of damages contained elsewhere in the petition.
However, defendant contends that because plaintiff is seeking
injunctive relief regarding the right to his property, the amount
in controversy is the amount plaintiff owes on the associated
promissory note, which defendant contends is more than
$75,000.00.  Defendant argues that plaintiff alleges that the
note is entirely unenforceable, and, therefore, the remaining
balance on the note is the amount in controversy.

2

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that the amount in controversy in this action meets or exceeds the required amount.

## II.

### Basic Principles

The court begins with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

3

To determine the amount in controversy for the purpose of
establishing diversity jurisdiction, the court ordinarily looks
to the plaintiff's state court petition. Manguno, 276 F.3d at
723. If it is not facially apparent from the petition that the
amount in controversy is greater than $75,000, the removing party
must set forth summary judgment-type evidence, either in the
notice of removal or in an affidavit, showing by a preponderance
of the evidence that the amount in controversy exceeds that
amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335
(5th Cir. 1995).

The amount in controversy is measured from the perspective
of the plaintiff. Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618
(5th Cir. 1958) (per curiam). In an action for declaratory or
injunctive relief, the amount in controversy is the "value of the
object of the litigation," or "the value of the right to be
protected or the extent of the injury to be prevented."
Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

### III.

### Analysis

Plaintiff's petition does not make a demand for a specific
amount of damages and does not define with specificity the value
of the right it seeks to protect or the extent of the injury it
seeks to prevent. As a result, the court evaluates the true

4

nature of plaintiff's claims to determine the amount actually in controversy between the parties.

The true nature of this action is for plaintiff to maintain possession of residential property he used as security for the making of a loan. As the petition alleges, plaintiff pursues these goals by seeking an order barring any foreclosure or forcible detainer proceedings on the property, and seeking unspecified compensatory, statutory, and exemplary damages related to his state law causes of action. Thus, considering plaintiff's original petition, the court has not been provided with any information from which it can determine that the value to plaintiff of such relief is greater than $75,000.00.

Defendant contends that plaintiff owes more than $75,000.00 on the note, that plaintiff is claiming that the note is entirely unenforceable, and, therefore, the amount in controversy is the amount owed on the note. Defendant attempts to distinguish this case from other mortgage foreclosure cases which lacked subject matter jurisdiction by focusing on its argument that plaintiff claims that he does not owe anything on the note.

The court is not persuaded that the alleged monetary amount owed on the note supplies the basis for plaintiff's interest in the property, especially given that plaintiff himself has not pleaded how much equity he has in the property. Defendant does

5

not cite to, nor can the court discern, any such statement in the petition to support a finding that the amount owed on the loan is the amount in controversy. That is, for example, defendant's attribution of the greater than $75,000.00 amount as damages is an act of its own doing--not plaintiff's. To the extent that these statements suggest that the remaining loan amount is the proper measure of the amount in controversy in this action, the court rejects that argument.

Plainly, the sole goal of plaintiff's action is to avoid or delay a foreclosure sale and to be able to retain possession of the property. Nothing is alleged that would assign a monetary value to plaintiff's accomplishment of those goals. While plaintiff appears to request equitable relief based on a claim that he is entitled to hold legal title in the property, he does not assert that such relief is based on a claim that she has outright ownership of the property, free from any indebtedness. While defendant makes arguments that plaintiff is contending he owes nothing, such as its argument that plaintiff fails to admit that he signed a promissory note or deed of trust by only admitting to "allegedly sign[ing]" such documents, plaintiff makes statements to suggest that his ownership of the property is encumbered by a debt, as the petition describes a note and deed of trust, and questions whether defendant is the rightful owner

6

or holder of the note and deed of trust.  Throughout the petition, plaintiff refers to the note and deed of trust, alleges that defendant lacks the authority to foreclose because it is not the holder of the original note, that there is no record of an assignment of the deed of trust to defendant, and that there is ambiguity over who holds the note.  Plaintiff also speculates that the note could have been securitized and/or sold and that investors "became the real parties in interest on the Note," but does not contend that he owes nothing on the note or that he should own the property free and clear of all debt.  Notice of Removal, Ex. C1, at 4.  Thus, the value to plaintiff of his rights in the litigation is, at most, the value of his interest in the property, not the amount defendant alleges is owed on the loan.  Thus, defendant has not established the value of plaintiff's interest in the property.

Defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs.  Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendant to persuade the court that subject matter jurisdiction exists.

IV.

<u>Order</u>

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED July 20, 2013.

_____
JOHN McBRYDE
United States District Judge

8